UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip E. Boose, #15696-045, | ) C/A No. 4:08-1954-CMC-TER |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| D. Drew, Warden, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] Petitioner is currently incarcerated at FCI-Bennettsville in Bennettsville, South Carolina, serving a 240 month sentence issued in September 2003 following a jury conviction of a federal firearms violation in the Western District of Missouri. His conviction and sentence were affirmed in 2004 on appeal to Eighth Circuit Court of Appeal, his initial § 2255 motion was denied by the sentencing district court in 2005, and his petition for authorization to file a second § 2255 motion was recently denied by the Eight Circuit. He thereafter filed this case with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming that his conviction and sentence should be vacated because the conviction is based on allegedly involuntary statements he made to law enforcement. He claims that the sentencing court erroneously denied the motion to suppress the statements that was filed by his trial counsel, and that, as a result, his Fifth Amendment rights were violated when he was convicted and sentenced.

It appears that this is the first time Petitioner has attempted to raise the issue of the voluntariness of

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

his confession in any post-conviction relief proceeding. In answer to the question on the § 2241 petition form seeking information from the petitioner about why the § 2255 remedy "is inadequate or ineffective to test the legality of [his] detention," Petitioner states: "Because the infringement is not one of newly discovered evidence or of new law being unable to meet the gate keeping provisions of the Successive 28 U.S.C. § 2255. But in accordance with this petition one was filed as listed above." Petition, at 2, question 4. Petitioner makes no attempt to explain why he did not raise his involuntary statement claim in his initial § 2255. Liberally construed, Petitioner alleges that the § 2255 remedy is inadequate or ineffective in his situation because his claim was found not to qualify as one which can be considered through a second, successive § 2255.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district

court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's claim about the involuntariness of his statements to law enforcement is cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. By filing this § 2241 Petition contesting the underlying validity of his conviction and sentence, Petitioner is improperly attempting to bypass statutory gatekeeping mechanisms specifically designed to restrict prisoners from abusing the judicial system by continuing to file multiple habeas corpus actions in federal courts.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Since the passage of § 2255, however, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case. For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges

the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's allegations about an allegedly unconstitutional interrogation and the denial of his motion to suppress his statements at trial all go to the underlying validity of his conviction and sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. *See In re Vial,* 115 F.3d 1192 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir. Aug. 08, 2000)(unpublished opinion); *Ward v. Snyder*, No. 00-5191, 2000 WL 1871725 (6th Cir. Dec. 12, 2000)(unpublished opinion); *Gonzales v. Snyder*, No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000)(same); *Elzie v. Pugh*, No. 99-1002, 1999 WL 734453 (10th Cir. Sept. 21, 1999)(same); *Onaghise v. Bailey*, No. 98-17174, 1999 WL 613461 (9th Cir. Aug. 12, 1999)(same).

With regard to the application of the "savings clause" to § 2241 petitions, it is settled in this circuit that the possibility that a second § 2255 petition filed by Petitioner in the Western District of Missouri might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n. 5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001)(collecting cases). By the same token, the denial by an appellate court of a petition to file a second, successive § 2255

does not establish inadequacy or ineffectiveness of the § 2255. *Id.* Since the only basis on which Petitioner claims that the § 2255 remedy is ineffective and inadequate to test his detention is that he is statutorily prevented from filing another § 2255 motion based on the claim he tries to raise in this case, it is clear that the § 2241 Petition in this case should be summarily dismissed. This Court cannot overrule the Western District of Missouri or the Eighth Circuit, both of which have found Petitioner's conviction and sentence valid already, and Petitioner's attempt to circumvent the requirements of the the Anti-Terrorism and Effective Death Penalty Act of 1996, commonly referred to as the AEDPA by filing this improper § 2241 Petition must be rejected.[2]

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

June 6, 2008
Florence, South Carolina

---

[2]The AEDPA made many changes to prior practice in federal habeas corpus actions and created the current statutory rules regarding the timing, filing, and consideration of habeas corpus cases, including cases filed under either § 2255, § 2241, or § 2254.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).